Veronica **ELWELL**, Appellant

v.

**COUNTRYWIDE HOME LOANS, INC.**
**f/b/o UBS Warburg Real Estate**
**Securities, Inc., Appellee.**

No. 05–07–01753–CV.

Court of Appeals of Texas,
Dallas.

Oct. 15, 2008.

Daniel B. Jones, Plano, TX, for appellant.

Michael J. McKleroy, Maris & Lanier, P.C., Robert S. Alcorn, Dallas, TX, for appellee.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from a forcible detainer action awarding possession of certain real property to Countrywide Home Loans, Inc. f/b/o UBS Warburg Real Estate Securities, Inc. In two issues, Veronica Elwell challenges the trial court's subject matter jurisdiction to issue a writ of possession and the sufficiency of the evidence to support the trial court's judgment. We reject Elwell's jurisdictional challenge. We also conclude section 24.007 of the Texas Property Code precludes this Court's review of her sufficien-

cy challenge and, therefore, we dismiss Elwell's appeal with respect to her first issue challenging the sufficiency of the evidence. We otherwise affirm the trial court's judgment.

## I.

Elwell acquired title to a residence in Cedar Hill, Texas. She later executed a deed of trust granting Mortgage Electronic Registration Systems, Inc. (MERS) a first lien security interest in the property.[1] The deed of trust stated:

> If the Property is sold [under the deed of trust], Borrower ... shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower ... shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

After an alleged default, MERS foreclosed on the property and a substitute trustee conducted a foreclosure sale at which time MERS purchased the property.[2] MERS then conveyed the property by special warranty deed to Countrywide. After Elwell refused to vacate the premises, Countrywide filed this action in justice court. The justice court awarded possession to Countrywide and Elwell appealed to the county court at law in Dallas County. After trial de novo without a jury, the trial court rendered judgment awarding possession of the property to Countrywide. This appeal followed.

## II.

We start by addressing Elwell's second issue in which she argues the county court at law lacked subject matter jurisdiction to adjudicate Countrywide's forcible detainer suit. Elwell asserts that, because Countrywide's possession depended upon an invalid foreclosure sale, the trial court necessarily had to resolve the title dispute before it could award possession.[3]

The county court at law has no jurisdiction to adjudicate title in a de novo trial of a forcible detainer action from justice court. *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex.App.–Dallas 2001, no pet.). Rather, the only issue in a forcible detainer suit is who has the right to immediate possession of the property. *Id.* at 709. To prevail, it is unnecessary for the plaintiff to prove title to the property; plaintiff is only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Id.* When the issue of immediate possession requires resolution of a title dispute, however, neither the justice court nor the county court at law have jurisdiction to render a judgment for possession. *Id.* 708–09.

In this case, pursuant to section 24.002 of the Texas Property Code, all Countrywide had to show to prevail on its suit was that (1) it owned the property by virtue of a deed from MERS, which obtained the property by substitute trustee deed after the foreclosure sale, (2) Elwell became a tenant at sufferance when the property was sold under the deed of trust,

---

1. The deed of trust identified the original lender as Home Loan Corporation. MERS was HLC's nominee and beneficiary of the security interest under the deed of trust.

2. The substitute trustee's deed identifies MERS as the original and current mortgagee as well as the grantee-buyer. Countrywide was identified as the mortgage servicer.

3. Elwell claims Countywide's deed from MERS is void because MERS's own foreclosure deed was void due to the lack of proof of the owner and holder of the underlying indebtedness pursuant to which the foreclosure sale was conducted.

(3) Countrywide gave proper notice to Elwell requiring her to vacate the premises, and (4) Elwell refused to vacate the premises. *See* Tex. Prop.Code Ann. § 24.002 (Vernon 2000); *see also, Villalon v. Bank One,* 176 S.W.3d 66, 71 (Tex.App.–Houston [1st Dist] 2004, pet. denied). Despite Elwell's contentions to the contrary, it was not necessary for the trial court to determine whether the foreclosure was valid before awarding possession to Countrywide. Accordingly, we conclude the trial court had subject matter jurisdiction in this case. We resolve Elwell's second issue against her.

■■■ We next turn to Elwell's first issue in which she challenges the legal and factual sufficiency of Countrywide's evidence of ownership to support the trial court's judgment of possession. Section 24.007 of the Texas Property Code states: "A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only." Among the written findings of fact and conclusions of law made by the trial court was the finding that the property was not being used by Elwell for residential purposes only. Elwell does not challenge this finding on appeal.[4] Unchallenged findings of fact are binding on an appellate court unless the contrary is established as a matter of law or there is no evidence to support the finding. *See McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex.1986). We have reviewed the record and determined that some evidence

supports the trial court's finding that Elwell was not using the property for residential purpose only. Thus, in light of this unchallenged trial court finding, section 24.007 of the property code precludes our review of Elwell's first issue. Tex. Prop. Code Ann. § 24.007. Accordingly, we dismiss Elwell's appeal with respect to her first issue which impermissibly challenges Countrywide's right to possession.

We affirm the trial court's judgment.

---

4. In the statement of facts portion of Elwell's appellate brief, she references her trial testimony denying the property was used for anything other than residential purposes and stating her principal place of business was at the construction sites where her company was building homes. However, the argument section of her brief contains no issue or analysis with relevant legal authorities challenging this finding. Thus, appellant has waived this contention by inadequately briefing the issue. Tex.R.App. P. 33.1(h). To the extent Elwell attempts to raise this issue in her reply brief, we note that the rules of appellate procedure do not allow an appellant to raise a new issue in a reply brief in response to the appellee's brief where the issue was not raised in the appellant's original brief. *See Dallas County v. Gonzales,* 183 S.W.3d 94, 104 (Tex.App.–Dallas 2006, pet. denied).