AFFIRM; Opinion Filed February 6, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00238-CV

## JACKQUELINE McDANIEL, Appellant

V.

## HSBC BANK USA, NA, AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2007-ASAPI, ASSET BACKED PASS-THROUGH CERTIFICATES, Appellee

On Appeal from the County Court at Law No. 3
Dallas County, Texas
Trial Court Cause No. CC-10-08157-C

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Myers

Jacqueline McDaniel appeals the trial court's judgment in favor of HSBC Bank, USA,

NA, as Trustee on Behalf of Ace Securities Corp. Home Equity Loan Trust and for the

Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2007-ASAPI, Asset

Backed Pass-Through Certificates, in this forcible detainer action. Appellant brings one issue

asserting the trial court erred by granting appellee possession of the premises because there was

no evidence of a landlord–tenant relationship between the parties. We affirm the trial court's judgment.

## BACKGROUND

In 2005, appellant borrowed $159,000 from Summit Funding, Inc. secured by a deed of trust on her house. The beneficiary under the deed of trust was "MERS," Mortgage Electronic Registration Systems, Inc., "acting solely as a nominee for Lender and Lender's successors and assigns." The deed of trust provided that if appellant defaulted, the trustee could sell the property. The deed of trust also stated that if appellant did not surrender possession of the property after it was sold, she "shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding."

In 2010, the property was posted for foreclosure and was sold at public auction for $168,900. The foreclosure sale deed stated the "Original Mortgagee" was "Mortgage Electronic Registration Systems, Inc., as Nominee," the "Current Mortgagee" was appellee, and the "Buyer" was appellee. After the foreclosure auction, appellee sent appellant notice demanding she vacate the property within three days. The notice informed appellant that appellee would file a forcible detainer action if she did not vacate. Appellant did not vacate the property, and appellee filed a petition for forcible detainer in the justice court. The justice court ruled that appellee was entitled to possession of the premises. Appellant appealed the ruling to the county court at law. After a trial de novo, the county court at law ordered that appellee have judgment of possession of the property against appellant. Appellant appeals the county court at law's decision.

## FORCIBLE DETAINER ACTIONS

A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex.

App.—Dallas 2001, no pet.). It is intended to be a summary, speedy, and inexpensive means to obtain possession without resort to an action on the title. *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (1936). To maintain simplicity, the applicable rule of procedure provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746. Accordingly, the only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Rice*, 51 S.W.3d at 709. Whether a sale of property under a deed of trust is invalid may not be determined in a forcible detainer but must be brought in a separate suit. *Scott*, 90 S.W.2d at 818–19; *Rice*, 51 S.W.3d at 710.

Appellant argues appellee did not introduce a deed of trust executed by appellant to show a landlord–tenant-at-sufferance relationship existed between the parties. Appellee introduced the deed of trust signed by appellant which stated,

> If the Property is sold pursuant to this Section 22 [foreclosure and public auction], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

In the deed of trust, appellant was defined as "Borrower," and the foreclosure sale deed showed appellee was "Buyer," or in the language of the deed of trust, "the purchaser." When appellant did not surrender the property, appellant became a tenant at sufferance with appellee as landlord. Thus, appellee did introduce evidence of a landlord–tenant-at-sufferance relationship between the parties.

Appellant argues appellee failed to show it was entitled to enforce the deed of trust because appellee presented no evidence of a transfer of the deed of trust from Mortgage Electronic Registration Systems, Inc. to appellee. However, the validity of a foreclosure sale may not be determined in a suit for forcible detainer but must be brought in a separate suit.

- 3 -

*Scott*, 90 S.W.2d at 818–19; *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no writ).

To prevail on its forcible detainer action, appellee had to prove (1) it owned the property by virtue of a foreclosure sale deed, (2) appellant became a tenant at sufferance when the property was sold under the deed of trust, (3) appellee gave appellant notice to vacate the premises, and (4) appellant refused to vacate the premises. *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568–69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *see also* TEX. PROP. CODE ANN. § 24.002 (West 2000). The foreclosure sale deed showed appellee purchased the property in a public auction after appellant was sent notice of default and an opportunity to cure. The deed of trust showed appellant was a tenant at sufferance when appellant failed to vacate the property after appellee purchased it. The notice to vacate informed appellant of appellee's requirement that appellant vacate the property. Debra Coleman, appellee's records custodian, testified that appellee's records showed the property was still occupied. This evidence was sufficient to establish appellee's right to immediate possession of the property. *See Williams*, 315 S.W.3d at 927; *Elwell*, 267 S.W.3d at 568–69. It was not necessary for the trial court to determine whether the foreclosure was valid before awarding possession to appellee. *Elwell*, 267 S.W.3d at 569. We overrule appellant's issue.

We affirm the trial court's judgment.

_____
LANA MYERS
JUSTICE

110238F.P05

- 4 -



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JACKQUELINE McDANIEL, Appellant

No. 05-11-00238-CV     V.

HSBC BANK USA, NA, AS TRUSTEE ON
BEHALF OF ACE SECURITIES CORP.
HOME EQUITY LOAN TRUST AND FOR
THE REGISTERED HOLDERS OF ACE
SECURITIES CORP. HOME EQUITY
LOAN TRUST, SERIES 2007-ASAPI,
ASSET BACKED PASS-THROUGH
CERTIFICATES, Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-10-08157-C.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee HSBC BANK USA, NA, AS TRUSTEE ON BEHALF
OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST AND FOR THE
REGISTERED HOLDERS OF ACE SECURITIES CORP. HOME EQUITY LOAN TRUST,
SERIES 2007-ASAPI, ASSET BACKED PASS-THROUGH CERTIFICATES recover its costs
of this appeal from appellant JACKQUELINE McDANIEL.

Judgment entered this 6th day of February, 2013.

_____
LANA MYERS
JUSTICE