**Affirmed and Memorandum Opinion filed April May 9, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00431-CV

### TERESA TROTTER, Appellant,

### V.

### THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-8, ITS SUCCESSORS AND/OR ASSIGNS, Appellee.

**On Appeal from the County Court at Law No. 4**
**Montgomery County**
**Trial Court Cause No. 11-25851**

## M E M O R A N D U M   O P I N I O N

This appeal arises from a forcible-detainer action brought by appellee Bank of New York Mellon. The county court at law found in favor of the bank. Appellant Teresa Trotter contends on appeal that (1) the county court at law lacked jurisdiction over the forcible-detainer action because a title dispute between the

parties was pending in a district court, and (2) the trial court abused its discretion in denying Trotter's motion to abate. We affirm.

I

On March 15, 2006, Trotter, as borrower, executed a deed of trust with America's Wholesale Lender, as lender, in connection with the purchase of a residential property in Montgomery County. The deed of trust recited that Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender and its successors and assigns, was designated a beneficiary under the security instrument. The deed of trust recited that:

> If the property is sold pursuant to [a non-judicial foreclosure sale], Borrower . . . shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower . . . shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

On August 2, 2011, the property was sold to the bank at a non-judicial foreclosure sale. A substitute trustee's deed reflecting the sale was recorded that same month.

On September 8, 2011, the bank sent notice to Trotter to vacate the property, but Trotter did not vacate the property. The bank filed a forcible-detainer action in the justice court, which granted a judgment of possession to the bank. Trotter appealed the judgment to the county court at law for a trial de novo.

On March 30, 2012, Trotter filed a petition against the bank, MERS, and another party in a Montgomery County district court, seeking a declaratory judgment and alleging wrongful foreclosure, breach of contract, fraud, and other claims. At the same time, Trotter also filed her answer and plea in abatement in the county court at law. That same day, the county court at law held the trial de novo and signed a judgment granting possession of the property to the bank. This appeal followed.

In her first issue, Trotter contends the trial court lacked subject-matter jurisdiction to grant a forcible detainer because she demonstrated the existence of a title dispute in district court. Trotter does not challenge the trial court's determination of the possession issue or any issue related to that determination; she contends only that the trial court had no authority to make any ruling because it lacked subject-matter jurisdiction.[1]

Whether a court has subject-matter jurisdiction is a question of law we review de novo. *Graber v. Fuqua*, 279 S.W.3d 608, 631 (Tex. 2009); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject-matter jurisdiction is fundamental and may be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

A

Jurisdiction to hear a forcible-detainer action is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court for trial de novo. *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.); *see* Tex. Prop. Code § 24.004; Tex. R. Civ. P. 749. The appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court. *Rice*, 51 S.W.3d at 708; *Goggins v. Leo*, 849 S.W.2d 373, 375 (Tex. App.— Houston [14th Dist.] 1993, no writ).

Although a justice court has subject-matter jurisdiction over a forcible-detainer action, the justice court, and the county court on appeal, lack jurisdiction

---

[1] In her brief, Trotter states that she "is not asking the court to rule on the substance of the documents" she offered at trial or "whether [the bank] has proper status to bring a foreclosure action." Instead, Trotter asks this court to decide only whether the lower court necessarily had to adjudicate title to the disputed property.

to resolve any questions of title beyond the immediate right to possession. *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.); *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.). The only issue in an action for forcible detainer is the right to actual and immediate possession; the merits of title are not adjudicated. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Rice*, 51 S.W.3d at 709; *see* Tex. R. Civ. P. 746. To prevail in a forcible-detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Black*, 318 S.W.3d at 417; *Elwell*, 267 S.W.3d at 568; *Rice*, 51 S.W.3d at 709; *see* Tex. Prop. Code § 24.002.

When the right to immediate possession necessarily requires resolution of a title dispute, however, neither the justice court nor the county court at law have jurisdiction to render a judgment for possession. *Elwell*, 267 S.W.3d at 568; *Rice*, 51 S.W.3d at 709. A justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determining the right to immediate possession. *Black*, 318 S.W.3d at 417; *Salaymeh*, 264 S.W.3d at 435; *Rice*, 51 S.W.3d at 713.

It is well settled that an action for forcible detainer is not exclusive, but is cumulative of other remedies. *Salaymeh*, 264 S.W.3d at 435–36; *Rice*, 51 S.W.3d at 709. The displaced party is entitled to bring a separate suit in the district court to determine questions of title. *Salaymeh*, 264 S.W.3d at 435; *Rice*, 51 S.W.3d at 709. Thus, forcible-detainer suits in justice court may be brought and prosecuted concurrently with suits to try title in district court—even if the other action involves the adjudication of matters that could result in a different determination of possession from the decision rendered in the forcible-detainer suit. *Salaymeh*, 264

4

S.W.3d at 436; *see Rice*, 51 S.W.3d at 710. Indeed, in most cases the right to immediate possession can be determined separately from the right to title. *Schlichting v. Lehman Bros. Bank, FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd); *Rice*, 51 S.W.3d at 710.

B

Trotter contends that she demonstrated the existence of a title dispute through her petition filed in the district court and other documents admitted into evidence at the forcible-detainer trial. Trotter maintains that the title dispute is so intertwined with the determination of immediate possession that it is necessary to resolve the dispute before the justice or county courts can adjudicate who is entitled to immediate possession. Therefore, Trotter urges, the trial court should have dismissed the case or abated it until the title dispute was resolved. In response, the bank contends the landlord-tenant relationship created by the foreclosure of the deed of trust provided an independent basis for determining possession without first adjudicating title. We agree with the bank.

Numerous courts have held that when a deed of trust establishes a landlord-tenant relationship between the purchaser at the foreclosure sale and the previous owners (or those claiming through them), this relationship creates an independent basis on which the trial court may determine the issue of immediate possession without resolving the issue of title to the property. *See, e.g.*, *Schlichting*, 346 S.W.3d at 199; *Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.); *Black*, 318 S.W.3d at 418; *Salaymeh*, 264 S.W.3d at 436; *Rice*, 51 S.W.3d at 712. In this case, the deed of trust expressly provides that, in the event of a non-judicial foreclosure sale, Trotter will become a "tenant at sufferance" if she does not surrender possession of the property. The bank demonstrated that its claim of right to immediate possession was based on

5

documents indicating its purchase of the property at a foreclosure sale, the bank gave Trotter notice to vacate the property, and Trotter refused to vacate the property. Thus, according to the terms of the deed of trust, Trotter became a tenant at sufferance, and the county court at law could determine possession without quieting title. *See Schlichting*, 346 S.W.3d at 199; *Shutter*, 318 S.W.3d at 471; *Black*, 318 S.W.3d at 418; *Rice*, 51 S.W.3d at 712.

Trotter argues, however, that resolution of the title dispute is a prerequisite to determination of the right to immediate possession because she presented documents allegedly demonstrating invalid assignments and other improprieties rendering the foreclosure process void. But it was unnecessary for the trial court to determine the issue of title to the property or whether the foreclosure was valid before awarding possession to the bank. *See Black*, 318 S.W.3d at 418; *Elwell*, 267 S.W.3d at 569; *Rice*, 51 S.W.3d at 710; *see also Bittinger v. Wells Fargo, N.A.*, No. 14-10-00698-CV, 2011 WL 4793828, at *2–3 (Tex. App.—Houston [14th Dist.] Oct. 11, 2011, no pet.) (holding that justice court and county court had subject-matter jurisdiction to determine possession in forcible-detainer action even though Bittinger disputed Wells Fargo's ownership interest and alleged that the foreclosure was wrongful). "If we were to hold otherwise—that a justice court is deprived of jurisdiction when a party merely challenges validity of title—we would ignore the long-established procedure for parallel resolution of immediate possession and title issues." *Salaymeh*, 264 W.W.3d at 436.

We conclude, therefore, that the justice court and the county court at law had subject-matter jurisdiction to grant possession of the property to the bank. We overrule Trotter's first issue.

## III

In her second issue, Trotter contends that the county court abused its discretion by denying her plea in abatement when the title dispute was pending in district court. Trotter alleges she satisfied the prerequisites for abatement and argues that she would be harmed if the court denied abatement. *See Shutter*, 318 S.W.3d at 470. Specifically, Trotter urges that if the bank is allowed to evict in this circumstance and she prevails in her title dispute in district court, the "she would have to evict or potentially seek court intervention to remove any tenant living in her house during the litigation." Alternatively, Trotter posits, if no one lives in the house, it may become "dilapidated from lack of maintenance and care." Trotter argues that "[u]nder principles of good conscience and equity," this court should reverse or remand this case and allow her to stay in her home until her district court suit is resolved.

We review the county court's decision on the plea in abatement under an abuse-of-discretion standard. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *Shutter*, 318 S.W.3d at 469–70. A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Trotter does not point to any evidence or cite any authority supporting her contention that the trial court abused its discretion in denying abatement merely because a title dispute was pending in another court. Forcible-detainer actions are intended to be "a summary, speedy, and inexpensive remedy" for determining who is entitled to possess the premises, "without resorting to an action upon the title." *Rice*, 51 S.W.3d at 710 (quoting *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)). To abate the forcible-detainer proceeding until the title dispute is concluded merely because there is a possibility of inconsistent outcomes would

7

frustrate this purpose. On these facts, we cannot say the trial court abused its discretion by refusing to abate this case when our laws specifically contemplate concurrent proceedings in different courts, even if the proceedings may result in different outcomes. *See Salaymeh*, 264 S.W.3d at 436; *Rice*, 51 S.W.3d at 710. We overrule Trotter's second issue.

* * *

Having overruled Trotter's issues, we affirm the trial court's judgment.

/s/  Jeffrey V. Brown
   Justice

Panel consists of Justices Frost, Brown, and Busby.