

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00105-CV

_____

PLETZE BROWN, JR., AND ALL OTHER OCCUPANTS, Appellants

V.

CITIMORTGAGE, INC., Appellee

On Appeal from the County Court at Law No. 2
Dallas County, Texas
Trial Court No. CC-14-04645-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

After CitiMortgage, Inc., was granted final summary judgment in a forcible detainer action in the County Court at Law No. 2 of Dallas County against Pletze Brown, Jr., and all other occupants of certain real estate, Brown filed his appeal.[1] In his appeal, Brown asserts that CitiMortgage lacked standing to prosecute the suit and that its right to foreclose was barred by limitations. We affirm the judgment of the trial court.

## I.     Background Facts

On October 16, 2002, Brown and Jessie Brown granted a deed of trust lien on certain real estate in Dallas County, Texas, to secure a promissory note in the sum of $143,313.00. A nonjudicial sale under the deed of trust was conducted October 6, 2009, and CitiMortgage was the purchaser at that sale.

Brown filed suit in federal court, alleging that the foreclosure sale resulting in CitiMortgage's purchase was invalid. After judgment was rendered against Brown, he appealed, and the judgment was affirmed on appeal. *Brown v. CitiMortgage, Inc., et al.*, No. 11-11118 Summary Calendar, 2012 U.S. App. LEXIS 13331 (5th Cir. June 29, 2012, filed) (per curiam).

CitiMortgage was granted a judgment in forcible detainer against Brown and all other occupants of the real property by a Dallas County justice court September 5, 2014, and Brown

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

(who filed a pauper's affidavit in lieu of a bond to forestall the issuance of a writ of possession[2]) appealed the justice court ruling to the County Court at Law No. 2 of Dallas County.

In the County Court at Law, CitiMortgage filed a motion for summary judgment, attaching a copy of the original deed of trust, a substitute trustee's deed (reflecting that CitiMortgage was the purchaser of the realty at foreclosure), and notices to vacate which had been sent on behalf of CitiMortgage to Brown and all other occupants of the realty. Brown responded to the motion for summary judgment by claiming that there were unresolved factual issues, asserting that the trustee's deed under which CitiMortgage claimed was invalid, alleging that CitiMortgage had no standing to prosecute the motion for summary judgment, maintaining that CitiMortgage was barred by limitations from pursuing its right to gain possession, and taking the position that CitiMortgage was barred by res judicata from pursuing its claim. The trial court granted CitiMortgage's motion for summary judgment, ordering the issuance of a writ of possession. Brown's appeal of that final judgment is now before this Court.

In his brief on appeal, Brown appears to rely solely on matters that seem to rest on claims that CitiMortgage's rights were barred by limitations.

## II.     Standard for Reviewing Summary Judgments

The grant of a trial court's summary judgment is subject to de novo review by appellate courts. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In making the required review, we deem as true all evidence which is favorable to the nonmovant, we indulge every reasonable inference to be drawn from the evidence, and we resolve any doubts in the

---

[2]*See* TEX. R. CIV. P. 510.9(c).

3

nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When the trial court does not specify the basis for its ruling, we must affirm a summary judgment if any of the grounds on which judgment is sought are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010).

## III.   Elements of Proof of Forcible Detainer

In order to prevail in its forcible detainer action, CitiMortgage had to prove that (1) it owned the property by virtue of a foreclosure sale deed, (2) Brown became a tenant at sufferance when the property was sold under the deed of trust, (3) CitiMortgage gave Brown notice to vacate the premises, and (4) Brown refused to vacate the premises. *See Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568–69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *see also* TEX. PROP. CODE ANN. § 24.002 (West 2014).

4

In order to prove these elements, CitiMortgage attached (1) a certified copy of the original deed of trust executed by Brown, et al., dated October 16, 2002 (which recited that in the event of a foreclosure under the deed of trust, Brown would become a tenant at sufferance of the purchaser at the foreclosure sale), (2) the Substitute Trustee's Deed, whereby Brown was divested in his interest in the realty and the property was conveyed to CitiMortgage, (3) a business records affidavit by Sharon L. Vaughan, as the custodian of records for CitiMortgage's attorney, incorporating nineteen pages of documents, including notices to vacate that were addressed to Brown, Jessie Brown, and all occupants of the realty (with postal return receipts verifying that they had been delivered), and (4) copies of the notices to vacate to which reference was made in Vaughan's affidavit.

Brown responded by alleging, first, that there were genuine issues of material fact with respect to CitiMortgage's claimed superior right to immediate possession of the property (but without specifying the nature of those alleged material fact issues). He also pointed out that the heading of CitiMortgage's motion incorrectly identified the movant as "U.S. Bank NA" (although the movant is correctly identified in the body of the motion) and says that the named bank has no standing. Without giving an explanation for the assertion, Brown pleads that CitiMortgage did not have the capacity to sue in the action. Finally, Brown maintained that CitiMortgage's claims are barred by res judicata.

Returning to the first claim made by Brown, although he maintains that he understands that the sole thing that CitiMortgage was required to prove is a superior right of possession, by some logic we fail to grasp, he asserts that CitiMortgage was required to prove a "legitimate connection"

5

between the deed of trust and the right to treat Brown as a tenant at sufferance. The appellate rules require an appellant's brief to contain a clear and concise argument for the contentions made. TEX. R. APP. P. 38.1(i). A point of error not adequately supported by either argument or authorities is waived. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). We conclude that this issue is inadequately briefed and presents nothing for our review. *See Kupchynsky v. Nardiello*, 230 S.W.3d 685, 692 (Tex. App.—Dallas 2007, pet. denied).

As mentioned above, Brown asserts that CitiMortgage has no standing to sue on its claim for possession. He apparently bases this claim on Section 16.035(d) of the Texas Civil Practice and Remedies Code, which mandates that a person holding a right to demand a nonjudicial sale as a means of enforcing a contractual lien must exercise that right of sale within four years of the time that the right arose. *See* TEX. CIV. PRAC. & REM. CODE ANN. 16.035(d) (West 2002). In making this claim, it is apparent that Brown confuses the act of foreclosure (which took place in 2009) with the subsequent efforts by CitiMortgage to divest Brown of the possession of the property and gain possession for itself. In fact, CitiMortgage did exercise its right to pursue nonjudicial foreclosure well within the four-year time period prescribed by law and was not barred by limitations from doing so. In his conflation of the concepts of acceleration of maturity and its relationship to foreclosure with the relationship between the act of foreclosure and the legal steps taken to reduce possession to the actual owner, Brown relies on a federal district court case[3] for

---

[3]Brown makes reference in his brief to *Kingman Holdings, LLC v. Bank of New York*, No. 3:13-CV-1688-L, in the United States District Court for the Northern District of Texas, Dallas Division. In attempting to locate the citation to which he refers, our search reveals two citations, those being *Kingman Holdings, LLC v. Bank of New York*, No. 3:13-CV-1688-L, 2013 U.S. Dist. LEXIS 107543 (N.D. Tex., July 31, 2013); *Kingman Holdings, LLC v. Bank of New York*, No. 3:13-CV-1688-L, 2014 U.S. Dist. LEXIS 51759 (N.D. Tex., Apr. 15, 2014). It is uncertain to which of the two citations Brown intends to refer.

authority.  There are two primary problems with Brown's reliance on the cited case.  First, the holding of a federal district court is not binding on a Texas state court.  Second, the holding in that case does nothing to bolster Brown's position.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:      May 20, 2015
Date Decided:        May 22, 2015