**AFFIRM; and Opinion Filed February 5, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00105-CV

**BYRON MACK AND ALL OCCUPANTS, Appellants**
**V.**
**TUESDAY REAL ESTATE, LLC, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-05074-B**

# MEMORANDUM OPINION

Before Justices Myers, Molberg, and Osborne
Opinion by Justice Osborne

The trial court rendered judgment for forcible detainer against appellants Byron Mack and all occupants of premises at 613 Clubwood Court in DeSoto. In two issues, Mack contends the trial court erred by rendering judgment for appellee Tuesday Real Estate, LLC because the notice to vacate the premises was defective as a matter of law and the trustee's deed should not have been admitted into evidence. We affirm the trial court's judgment.

## BACKGROUND

Tuesday Real Estate purchased real property at 613 Clubwood Court in DeSoto at a foreclosure sale on May 2, 2017. Mack and Laketra Rashon Mack were identified as borrowers and grantors in the foreclosed deed of trust. The deed of trust, dated January 9, 2013, provided:

> If the Property is sold pursuant to this Section 22 ["Acceleration; Remedies"], Borrower or any person holding possession of the Property through Borrower shall

immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

On July 17, 2017, Tuesday Real Estate sent the Macks a notice to vacate and demand for possession of the property. The notice letter includes Tuesday Real Estate's name, address, and telephone number in the top left corner under the date. The letter is directed to Byron and Laketra Mack, and begins, "Dear occupant(s): This property was foreclosed upon and acquired by the undersigned." The letter, however, is not signed at the bottom. Instead, it concludes, "Please contact us at your earliest convenience to resolve these circumstances in amicable fashion." Tuesday Real Estate sent the notice by certified mail, return receipt requested and by regular mail. The signed return receipt is dated July 20, 2017.

Tuesday Real Estate filed a petition for eviction in justice court on August 10, 2017, alleging that it had established a landlord/tenant relationship with the Macks by the Macks' occupancy of the premises after a foreclosure sale. "Holding over" was shown as grounds for eviction. The justice court rendered judgment for Tuesday Real Estate on September 6, 2017.

Mack appealed the justice court's judgment, and the case proceeded to a nonjury trial de novo in the trial court. Arturo Singer, a member of Tuesday Real Estate, testified that Tuesday Real Estate purchased the property at a foreclosure sale and delivered a notice to vacate to the Macks. He identified certified copies of the deed of trust and a substitute trustee's deed that were admitted into evidence. Singer also identified the notice letter sent to the Macks and the accompanying certified mail receipt that was signed and returned. The trial court granted possession to Tuesday Real Estate and signed a judgment of forcible detainer on October 19, 2017. At Mack's request, the trial court signed findings of fact and conclusions of law in support of its judgment. This appeal followed.

**DISCUSSION**

To prevail in a forcible detainer action, a plaintiff is required to demonstrate a superior right to immediate possession of the property, proper notice to the tenant to vacate the property, and the tenant's refusal to vacate. *See* TEX. PROP. CODE ANN. §§ 24.002, 24.005; *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568–69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.). In his first issue, Mack contends the evidence is insufficient to support the trial court's finding that Tuesday Real Estate sent notice to vacate and demand for possession of the property. Mack did not have the burden of proof on this issue. Consequently, he must show that no evidence exists to support the finding. *See Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011). When there is evidence that "rises to the level that would enable reasonable and fair-minded people to differ in their conclusions," a legal sufficiency challenge fails. *See Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 228 (Tex. 2011).

Mack argues that the notice to vacate is defective as a matter of law because "the person with the alleged right of possession is not named." He relies on section 24.002(b) of the property code, which provides that a demand for possession "must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005." TEX. PROP. CODE ANN. § 24.002(b). He argues that the notice letter states, "[t]his property was foreclosed upon and acquired by the undersigned," but the letter "does not contain an 'undersigned.'" He concludes that because the "person entitled to possession is not identified . . . , proper demand was not made." In his reply brief, Mack argues that he could not surrender possession of the property as required by the deed of trust because the notice letter "was apparently sent by an LLC who has no connection with the Macks' loan or property" and required him to "surrender possession to no one."

Property code section 24.005, "Notice to Vacate Prior to Filing Eviction Suit," provides that if, as here, the occupant is a tenant at will or by sufferance, the landlord "must give the tenant at least three days' written notice to vacate" before filing a forcible detainer suit unless the parties have contracted in writing for a different notice period. *See* TEX. PROP. CODE ANN. § 24.005(b). Neither section 24.002 nor section 24.005 requires a particular form of identification of the landlord in the notice. The property code requires that a demand for possession be made "by a person entitled to possession of the property," but there is no requirement that proof of superior right of possession be marshaled and presented in the notice. *Id.* § 24.002(b). Superior right of possession is the issue to be determined at trial in the justice court. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.) ("sole issue" to be adjudicated in justice court is "right to immediate possession of the premises").

At trial, Tuesday Real Estate offered a deed of trust showing the Macks as grantors of the property, a substitute trustee's deed showing its purchase of the property, a notice letter to the Macks, and proof of the Macks' receipt of the notice into evidence. The notice letter was admitted into evidence at trial as Plaintiff's Exhibit 3. The letter identified Tuesday Real Estate, provided an address and telephone number, informed the Macks of the foreclosure, demanded that the Macks vacate the property, and requested a response. Exhibit 3 also included proof that the Macks received the notice. We conclude there is sufficient evidence to support the trial court's findings that Tuesday Real Estate sent a written notice to vacate and demand for possession and the notice was delivered to Mack, and its conclusion that Tuesday Real Estate is entitled to possession of the property. *See Elwell*, 267 S.W.3d at 568–69 (showing required to prevail in forcible detainer action). We decide Mack's first issue against him.

In his second issue, Mack contends the trial court erred by overruling his objection to the admission of Plaintiff's Exhibit 1, a substitute trustee's deed, into evidence. We review the trial

court's rulings concerning the admission or exclusion of evidence for abuse of discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id.* To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show that the error probably caused the rendition of an improper judgment. *Id.*; TEX. R. APP. P. 44.1(a)(1).

Mack argues that Exhibit 1 is hearsay, is not self-authenticating under rule of evidence 902, and is not a certified copy. He does not identify any specific recitals or statements in Exhibit 1 that he contends are inadmissible hearsay. Tuesday Real Estate responds that (1) Exhibit 1 was a certified copy of the substitute trustee's deed, and (2) Exhibit 1 falls under the exception to the rule against hearsay as a "record of a document that purports to establish or affect an interest in property" under rule of evidence 803(15). *See* TEX. R. EVID. 803(15).

We have concluded that recitals in a trustee's deed are excluded from the hearsay rule when they are "relevant to the purpose of the document." *Mason v. Wells Fargo Bank, N.A.*, No. 05-12-01590-CV, 2013 WL 5948077, at *3 (Tex. App.—Dallas Nov. 5, 2013, no pet.) (mem. op.) (discussing TEX. R. EVID. 803(15)). As in *Mason*, the purpose of the substitute trustee's deed was "to transfer the property to appellee following a foreclosure sale." *Id.* "The recitals in the trustee's deed set forth the facts on which the foreclosure sale was based and are germane to the deed's purpose." *Id.* Consequently, the recitals in the substitute trustee's deed are not excluded by the hearsay rule, and the trial court did not err by admitting Exhibit 1 into evidence. *See id.* We decide Mack's second issue against him.

## CONCLUSION

We affirm the trial court's judgment.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

180105F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BYRON MACK AND ALL
OCCUPANTS, Appellants

No. 05-18-00105-CV      V.

TUESDAY REAL ESTATE, LLC,
Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-17-05074-B.
Opinion delivered by Justice Osborne;
Justices Myers and Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Tuesday Real Estate, LLC recover its costs of this appeal from appellant Byron Mack.

Judgment entered this 5th day of February, 2019.