# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00100-CV

---

**Latanya Ann Wilson, Appellant**

**v.**

**Ditech Financial, LLC, Appellee**

---

**FROM THE COUNTY COURT OF FAYETTE COUNTY
NO. 3779, THE HONORABLE JOE WEBER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Ditech Financial, LLC ("Ditech"), brought a forcible-detainer suit against Latanya Ann Wilson and all other occupants at the home. After a trial, the county court ruled in favor of Ditech. Wilson appeals the county court's judgment. We will affirm.

## BACKGROUND

In 2011, Wilson and Jeremy D. Glass executed a mortgage to pay for the purchase of a home in Schulenburg, Texas. Under the terms of the mortgage, Wilson and Glass agreed to pay the mortgage company monthly installments for 180 months. The mortgage agreement also specified that if Wilson and Glass failed to pay, the mortgage company could declare immediately due and payable all debt owed. Additionally, the deed of trust included the same acceleration-of-debt language in the event of a default but also specified that the property may be subject to a foreclosure sale in the event of a default and that if the property is sold, Wilson and

Glass "shall immediately surrender possession to the purchaser" or "shall become . . . tenant[s] at sufferance of the purchaser, subject to an action for forcible detainer."

When Wilson and Glass defaulted, the home was placed for auction at a foreclosure sale, and Ditech purchased the home in 2019. After purchasing the home, Ditech notified Wilson and Glass that it had purchased the home and that Wilson and Glass and any other occupants no longer had the right to continued possession of the home. Ditech also warned that it would sue Wilson and Glass if they and the other occupants did not vacate the home. Because Wilson, Glass, and the other occupants did not vacate the premises, Ditech sued Wilson and Glass in justice court. *See* Tex. Prop. Code § 24.004. The eviction hearing was rescheduled multiple times and was eventually held in January 2021. After the hearing, the justice court found for Ditech and against Wilson, Glass, and all other occupants, and the justice court issued a writ of possession granting Ditech possession of the home.

Wilson appealed the justice court's judgment to the county court. *See* Tex. R. Civ. P. 510.10(c). In February 2021, the county court held a de novo trial and subsequently issued judgment for Ditech and against Wilson and all other occupants of the home, ordering that Wilson and all other occupants vacate the home and, alternatively, that Ditech be entitled to a writ of possession if Wilson and the other occupants did not vacate the property.

Wilson appeals the county court's judgment.

## DISCUSSION

In two related issues on appeal, Wilson argues that the county court's judgment should be reversed because her home was the subject of a wrongful foreclosure. First, Wilson asserts that the judgment should be reversed because the lender failed to provide notice regarding

2

any default by her and regarding the lender's intent to accelerate the amount due under the note and to sell the property because of the alleged default. *See Karam v. Brown*, 407 S.W.3d 464, 469 (Tex. App.—El Paso 2013, no pet.) (noting in wrongful-foreclosure action that lender must give borrower both notice of intent to accelerate due to default and notice of acceleration). Moreover, Wilson contends that even if notice had been sent, she would not have received the notice because the address listed in the notice of public sale was not the address for her home. *See* Tex. Prop. Code § 51.002(b), (e) (requiring that notice of public sale be sent to each debtor by certified mail to each debtor's last known address); *see also Saravia v. Benson*, 433 S.W.3d 658, 665 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (observing in wrongful-foreclosure case that "[t]o establish a violation of the statute, a debtor must show that the mortgage servicer held in its records the most recent address of the debtor and failed to mail a notice by certified mail to that address").

Building on the preceding, Wilson asserts that "she should not suffer irreparable injury by the loss of her family home as a" result of the notice being sent to the wrong address. Further, Wilson urges that the listing of the incorrect address in the notice of sale resulted in an "inadequate selling price" at auction because the listed property did not exist. Similarly, Wilson contends that Ditech "should not be entitled to possession of a property that was improperly foreclosed on even after [it was] provided notice of the irregularities" and should not benefit from the significant equity increase in her home. *See Charter Nat'l Bank-Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied) (discussing elements of wrongful foreclosure).

In presenting her issues on appeal, Wilson argues that the property at issue was the subject of a wrongful foreclosure because of defects in the foreclosure process. However,

3

"[a]ny defects in the foreclosure process or with the purchaser's title may not be considered in a forcible detainer action." *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd); *see Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.); *see also Wilder v. Citicorp Tr. Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979, at *2 (Tex. App.—Austin Mar. 18, 2014, pet. dism'd w.o.j.) (mem. op.) (observing that defects in foreclosure process cannot be used to negate landlord-tenant relationship provision in deed of trust or to raise question of title); *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568-69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.) (rejecting attempt to use title dispute to defend against purchaser's right to possession in forcible-detainer action). Arguments concerning defects in the foreclosure process or with title to the property "may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant" in forcible-detainer actions. *See Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.).

Forcible detainer is a procedure to determine the right to immediate possession of real property where there is no unlawful entry. *Id.* at 926. It is intended to be a speedy, inexpensive, and summary procedure for obtaining possession without resorting to a suit on the title. *Id.* at 926-27. To prevail in a forcible-detainer action, a party need not prove title and must only show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Montenegro v. Wells Fargo Bank, N.A.*, No. 03-13-00123-CV, 2015 WL 3543055, at *1 (Tex. App.—Austin June 3, 2015, pet. dism'd) (mem. op.); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see also* Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title").

"[A] tenant commits a forcible detainer by refusing to surrender possession of real property after the landlord has lawfully terminated the tenant's right to possession." *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.). A forcible-detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person "is a tenant at will or by sufferance." Tex. Prop. Code § 24.002(a)(2). The only relevant issue is "who has the right to possess the property *now*?" *Puentes v. Fannie Mae*, 350 S.W.3d 732, 738 (Tex. App.—El Paso 2011, pet. dism'd).

In this case, Ditech attached to its forcible-detainer complaint several documents supporting its claim to possession. First, Ditech attached the sale contract specifying that if Wilson defaulted on the terms of the mortgage by failing to timely pay, the mortgage company may "declare immediately due and payable all indebtedness due" under the agreement. Next, Ditech attached the deed of trust containing a similar acceleration clause but also authorizing a foreclosure sale if Wilson defaulted on the mortgage and providing that if there is a foreclosure sale, Wilson will "become a tenant at sufferance of the purchaser, subject to an action for forcible detainer." *Cf. Adams v. Godhania*, No. 03-18-00371-CV, 2019 WL 2293572, at *2, *3 (Tex. App.—Austin May 30, 2019, pet. denied) (mem. op.) (explaining that appellants became tenants at sufferance under terms of deed they executed when they defaulted on their payments and that when foreclosure under deed of trust established landlord and tenant-at-sufferance relationship, there was basis for determining issue of immediate possession without resolving any title dispute). Ditech also included the substitute trustee's deed showing that it purchased the auctioned property at a public foreclosure sale after Wilson defaulted by failing to make the required mortgage payments. Finally, Ditech included notices to vacate that it sent to Wilson after the foreclosure sale.

The evidence summarized above was sufficient to establish Ditech's right to immediate possession of the property. *See Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, at *2 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.); *Williams*, 315 S.W.3d at 927; *see also Banks v. Bank of Am., N.A.*, No. 03-16-00046-CV, 2017 WL 1832489, at *3 (Tex. App.—Austin May 4, 2017, no pet.) (mem. op.) (explaining that "defects in the foreclosure process cannot be used . . . to negate a landlord-tenant relationship provision in a deed of trust").

For these reasons, we overrule Wilson's two issues on appeal.

## CONCLUSION

Having overruled Wilson's two issues on appeal, we affirm the county court's judgment.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   June 15, 2022