**Opinion filed December 14, 2023**



# In The

# Eleventh Court of Appeals

_____

## No. 11-22-00240-CV

_____

### ARNULFO ESTRADA, Appellant

### V.

### U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR BAYVIEW FINANCIAL REVOLVING ASSET TRUST 2005-E, Appellee

**On Appeal from the County Court at Law**
**Ector County, Texas**
**Trial Court Cause No. CCL-22838**

## MEMORANDUM OPINION

This is a forcible detainer action initiated by Appellee, U.S. Bank National Association, in which it sought possession of the subject property. The justice court awarded possession of the property to U.S. Bank and, in the de novo trial on appeal

from the justice court's decision, the county court at law also awarded possession to U.S Bank. *See* TEX. PROP. CODE ANN. § 24.004(a) (West 2023); TEX. R. CIV. P. 510.9, 510.10(c).

Here, acting pro se, Appellant, Arnulfo Estrada, presents two issues on appeal: the trial court erred when it granted possession of the property to U.S. Bank because (1) U.S. Bank failed to provide notice of default and notice of sale to the borrower, and (2) the "underlying issue (wrongful foreclosure) was wrought with issues," such as a defect in the foreclosure sale proceeding, a pending modification review, and U.S. Bank's alleged failure to provide notice of sale. We affirm.

## I. *Factual Background*

Estrada executed a note to purchase the subject property with the original lender in 2007 and, on the same date, executed a deed of trust that contained a power of sale provision. The terms of the deed of trust also provided that, if the property is sold under the deed of trust, (1) the grantor (identified as Estrada) "shall immediately surrender possession to the purchaser" and (2) failure to do so would render the grantor (Estrada) a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

U.S. Bank purchased the subject property at a foreclosure sale in 2022. U.S. Bank thereafter immediately sought possession of the property and sent a notice of eviction to Estrada, who refused to vacate the premises or surrender possession to U.S. Bank. Estrada filed an action for wrongful foreclosure in district court, which is still pending. U.S. Bank initiated the underlying forcible detainer action which is the basis of this appeal. *See* PROP. § 24.007.

The justice court awarded possession of the property to U.S. Bank, and Estrada appealed the decision to the county court at law. The county court at law set the matter for a hearing but, pursuant to Estrada's requests, twice continued the setting. When the hearing did proceed, Estrada asserted that he was not prepared to

2

address the forcible detainer action because he had filed suit in district court for the wrongful foreclosure of the property, and that suit was still pending. The county court at law refused to continue or stay the hearing and noted that the hearing had been continued twice at Estrada's request and that Estrada had not mentioned his pending wrongful foreclosure suit in his previous motions for continuance.

At the hearing, the county court at law admitted U.S. Bank's proffered affidavit of business records, the attachments to which included U.S. Bank's notice to vacate that was sent to the address of the subject property, where Estrada lives, as well as an affidavit of the posting and filing of the notice of sale of the subject property. Estrada testified that the subject property had been sold, although he contended that the sale was improper because he had initiated an application for loan modification. He also testified that he had filed suit in district court for wrongful foreclosure and that the forcible detainer action should be stayed until the wrongful foreclosure action was disposed of. At the conclusion of the hearing, the county court at law denied Estrada's oral request for a stay and ruled that U.S. Bank had a superior, immediate right to the possession of the subject property.

## II. *Analysis*

"A forcible-detainer action determines which party has the superior right to immediate possession of real property." *Tellez v. Rodriguez*, 612 S.W.3d 707, 709 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.)). Forcible detainer actions are intended to be a summary, speedy, and inexpensive remedy to resolve the question of entitlement to the immediate possession of the property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). The only issue litigated in a forcible detainer action is the superior right to actual and immediate possession of the property; title to the property is not litigated. TEX. R. CIV. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title. Counterclaims . . .

are not permitted in eviction cases. A claim that is not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction."); *Tellez*, 612 S.W.3d at 709.

The mere existence of a title dispute does not necessarily deprive the justice court or county court at law of jurisdiction over the action to determine possession of the property. *Id.* (citing *Gardocki v. Fed. Nat'l Mortg. Ass'n*, No. 14-12-00921-CV, 2013 WL 6568765, at *3 (Tex. App.—Houston [14th Dist.] Dec. 12, 2013, no pet.) (mem. op.)). Instead, the title dispute must be "so integrally linked to the issue of possession that possession may not be determined without first determining title." *Id.* at 709–10 (quoting *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi—Edinburg 1998, no pet.)). "If the right to immediate possession can be adjudicated on a basis other than title, then the justice court (and on appeal, the county court) retains jurisdiction over the forcible-detainer action." *Id.* at 710.

A tenant at sufferance commits a forcible detainer when he refuses to surrender possession of real property on written demand by the person who is entitled to possession of that property. PROP. § 24.002(a)(2). A plaintiff in a forcible detainer suit can establish the superior right to immediate possession of property by establishing that a foreclosure occurred pursuant to a deed of trust that created a tenancy at sufferance after the foreclosure. *See Rice*, 51 S.W.3d at 710 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818 (Tex. 1936)); *Onyedebelu v. Wilmington Sav. Fund Soc'y, FSB as Tr. of Residential Credit Opportunities Tr. V-C*, No. 02-20-00239-CV, 2021 WL 4319705, at *2 (Tex. App.—Fort Worth Sept. 23, 2021, pet. denied) (mem. op.). It is not necessary for the trial court to determine whether the foreclosure was valid before awarding possession to the plaintiff. *See Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 569 (Tex. 2008).

To establish a forcible detainer, U.S. Bank was required to prove that: (1) it owned the property, (2) Estrada became a tenant at sufferance when U.S. Bank

purchased the property under the deed of trust, (3) U.S. Bank gave proper notice to Estrada to vacate the property, and (4) Estrada refused to do so. *Id.* at 568–69; *Onyedebelu*, 2021 WL 439705, at *3.

Importantly, we note that Estrada's issues on appeal relate to *title* to the property, rather than to which party holds the superior right to *immediate possession*.[1] In cases in which the validity of a deed of trust is challenged, as in this case, the legislature contemplated that concurrent actions could exist in the district and justice courts to resolve issues of title and immediate possession, respectively. *Rice*, 51 S.W.3d at 710–11. Here, the foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship between U.S. Bank and Estrada; this relationship provides an independent basis on which the county court at law could determine the issue of immediate possession without resolving the issue of title to the property. *Id.* at 712. Therefore, in this case, the parties' dispute as to title is not "so integrally linked to the issue of possession that possession may not be determined without first determining title." *Tellez*, 612 S.W.3d at 709–10 (holding that such circumstances must exist for a parallel title dispute to deprive the justice or county court of jurisdiction); *Gardocki*, 2013 WL 6568765, at *3 (quoting *Falcon*, 976 S.W.2d at 338).

Based on these facts and the issues that Estrada has presented on appeal, we conclude that the issue of title to the subject property is not so integrally linked to the issue of immediate possession such that possession may not be determined without first determining title; therefore, Estrada's issues present nothing for our review. Accordingly, we overrule Estrada's issues on appeal.

---

[1]Estrada has not challenged the sufficiency of the evidence supporting the trial court's judgment, that is, the sufficiency of the evidence as to whether U.S. Bank has established the elements of forcible detainer. Nor has Estrada challenged the justice or county court at law's subject matter jurisdiction. *See Rice*, 51 S.W.3d at 708.

### III.  *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

December 14, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.